**BAXTER TRAVENOL LABORATO- RIES, INC., Robert P. Popovich, and Jack W. Moncrief, Plaintiffs,**

**v.**

**ABBOTT LABORATORIES, Defendant.**

**No. 84 C 5103.**

United States District Court,
N.D. Illinois, E.D.

May 26, 1987.

On Reconsideration July 22, 1987.

Granger Cook, Jr., Gary W. McFarron, Cook, Wetzel & Egan, Ltd., Chicago, Ill., for plaintiffs.

D. Dennis Allegretti, Timothy J. Malloy, Paul H. Berghoff, Allegretti, Newitt, Witcoff and McAndrews, Chicago, Ill., for defendant.

### ORDER

ELAINE E. BUCKLO, United States Magistrate.

Plaintiffs have moved for the return of a document they say is privileged and was

inadvertently produced. The parties agreed at the start of this litigation that inadvertent production of privileged documents would not waive any privilege. Defendant says, however, that this document has not been shown to be privileged, and that if it is, plaintiff did not inadvertently produce it. The document consists of some handwritten notes by Dr. Popovich, a plaintiff who is one of the inventors of the patents in issue. Defendant was allowed to inspect the notes and requested a copy of the document in August, 1986. Defendant represents that it was told that plaintiffs' counsel had reviewed the documents for privileged material prior to production. Thereafter, defendant, taking note of the fact that Popovich makes the statement in the document that "Oreopouli (sic) invented this," referring to part of what plaintiffs are claiming as their own invention, quoted from and attached the document in various motions filed with the court in September, October and November, 1986. It is not denied that Popovich saw these motions and he was surely aware of the potential importance of the document as a very damaging admission.

Popovich says, however, that while he was aware of the fact that the document had been produced, he did not remember that the document consisted of notes of a telephone conversation he had with his attorney until he was preparing for his deposition. He says he then remembered what the notes were because the original document had his attorney's telephone number on it. (If so, that document has not been produced to the court. The document that I have seen does not have a telephone number on it.)

Despite the fact that Popovich says that he belatedly remembered that the document in question was privileged on the eve of his deposition, when questioned about it at his deposition, he did not claim privilege.

■ It seems clear that if the document in question was ever privileged, plaintiffs waived their privilege at some point in time after its production. Inadvertent means accidental. Once Popovich knew the doc-

ument had been produced it was incumbent on him to say something. When he failed to do anything over a period of months, its continued production can no longer be deemed inadvertent. Furthermore, Popovich admits that in preparation for his deposition he determined the document was privileged. Yet he failed to raise any claim of privilege at the deposition. I conclude that if the document was ever privileged, the privilege was waived by Popovich's failure to claim privilege for months after he knew that the document had been produced.

■ I also find that Popovich has failed to sustain his claim of privilege. The attorney-client privilege is an exception to the rule that all relevant evidence should be disclosed in an adversary proceeding. As such, the courts repeatedly have warned that the privilege must be narrowly construed. One seeking to rely on it bears the burden of proving that a document is in fact privileged. In this case, there is nothing in the document itself to indicate any privilege. Popovich says that he does not know when the allegedly privileged conversation took place. He did not remember that the notes were even of such a conversation until months after he was aware of the production of the document.

Popovich, the person claiming the privilege, has the burden of proving privilege. In this case, Popovich's vague statements about the circumstances of the conversation coupled with his poor memory as to the alleged privileged nature of the document to begin with, are simply insufficient to sustain his belated claim of privilege.

## ON RECONSIDERATION

Baxter moves for reconsideration of this court's order of May 26, 1987 denying Baxter's motion to compel the return of a privileged document. Baxter produced the document to Abbott in August 1986, assertedly inadvertently. The court denied Baxter's motion on the grounds that Baxter had waived any privilege it had in the document. In finding waiver, the court noted that Abbott had quoted the document in or

attached it to legal memoranda submitted to the court in September, October, and November without objection by Baxter, and that at his deposition, Popovich, who made the document, had not claimed the privilege, although he claimed to have determined that the document was privileged prior to his deposition.

■ The last factor relied on was incorrect. Transcripts show that at the deposition, Popovich's attorney did assert that the document was privileged. This does not, however, change the outcome of Baxter's motion. Under the protective order, inadvertent production of otherwise privileged documents does not waive the privilege as to those documents. Baxter asserts that its production of the document was inadvertent. The cases discussing whether production was inadvertent consider such factors as the scope and volume of discovery, the time available for review of the documents by the party asserting the privilege, the adequacy of the party's procedures for review, the time taken to rectify the error, and the overreaching issue of fairness and protection of the privilege. *Hartford Fire Ins. Co. v. Gavey*, 109 F.R.D. 323, 330–31 (N.D.Cal.1985); *Lois Sportwear, U.S.A., Inc. v. Levi Strauss & Co.*, 104 F.R.D. 103, 105 (S.D.N.Y.1985).

■ Even where the initial production may have been inadvertent, however, delay in claiming the privilege can result in waiver. Where prior to the assertion of the privilege, the documents have been examined and used by the opposing party, it may be unfair and unrealistic to uphold the privilege. *In re Grand Jury Investigation of Ocean Transportation*, 604 F.2d 672, 674–75 (D.C.Cir.), *cert. denied sub nom, Sea-Land Service, Inc. v. United States*, 444 U.S. 915, 100 S.Ct. 229, 62 L.Ed.2d 169 (1979).

■ Under these standards, Baxter's privilege was waived although it was asserted at the time of the deposition. The document Baxter claims is privileged was one document of among eight boxes of documents produced by Baxter for inspection in August. Baxter has not explained its procedures for reviewing documents for

privilege prior to disclosure, but under the circumstances its initial production of the document may have been inadvertent. *Cf. Lois Sportswear, U.S.A., Inc., supra*, 104 F.R.D. at 105 (where privilege is claimed as to only 22 documents out of 16,000 pages inspected and 3,000 pages requested to be produced, disclosure was inadvertent).

However, upon Abbott's request, Baxter produced a copy of the document without objection in September, 1986, and Abbott thereafter quoted from the document and attached copies of it to its memoranda in September, October, and November. Popovich was aware that the document had been produced, and of its potential importance, by September, 1986. By failing to assert the privilege until mid-December, in the face of Abbott's repeated use of and reliance on the document, Baxter waived any privilege it had in the document.

Popovich has established that the document was privileged. McLemore's Supplemental Affidavit provides a reasonably precise date for the conversation, and also identifies the subject matter sufficiently that it appears the conversation involved the request for or provision of legal advice. However, the privilege was waived by Popovich's failure to claim the privilege until mid-December, 1986.